UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MACK BASHINSKI JR.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 23-cv-01026-JO-JLB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL RULE 35 MENTAL EXAMINATION OF PLAINTIFF**<br><br>[ECF No. 30] |

Before the Court is a motion to compel Plaintiff Martin Mack Bashinski Jr. ("Plaintiff") to participate in an independent psychological examination ("IPE") filed by Defendant United States of America ("Defendant"). (ECF No. 30.) For the reasons set forth below Defendant's motion (ECF No. 30) is **DENIED without prejudice**.

I.   **BACKGROUND**

Plaintiff filed the underlying action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, alleging medical malpractice pertaining to care he received through the United States Department of Veterans Affairs ("VA"). (ECF No. 1.) Specifically, Plaintiff asserts that a retinal tear in his left eye was neither timely diagnosed nor properly treated by VA-affiliated health care providers, resulting in additional permanent damage. (*Id.* at 6–10.) In the Relief section of his complaint, Plaintiff describes the how his life has

1

been affected, including—as it relates to emotional impact—that he has anxiety every time he drives, the enjoyment he derived from driving to Texas and San Francisco has ended, he no longer goes to the library, which had previous been "the highlight of [his] day," he lost the enjoyment of walking, and he lost his enjoyment of "[j]ust going throughout the day." (*Id.* at 11–12.)  As relief, Plaintiff seeks $350,000 of "non-pecuniary" damages for each of his two claims, to compensate for, *inter alia*, emotional distress damages described as "past and future . . . mental anguish," "the loss of enjoyment of life," and "the frustration caused by the inability to participate in the activities described." (*Id.* at 13.)

On August 29, 2023, the parties filed a joint discovery plan, which includes that "Plaintiff agrees to submit to an independent medical examination (IME) within sixty (60) days of request by the United States, at a mutually agreeable date and time.  No one other than Plaintiff is permitted to be present." (ECF No. 10 at 5.)  The joint discovery plan did not address the issue of conducting an IPE. (*See generally* ECF No. 10.)

On December 15, 2023, Defendant filed an *ex parte* motion requesting leave to file the instant motion. (ECF No. 27.)  The Court granted Defendant leave and issued a briefing schedule. (ECF No. 29.)  The instant motion timely followed (ECF No. 30), which Plaintiff opposes[1] (ECF No. 31).

## II.    LEGAL STANDARD

Under Rule 35,[2] for good cause shown, a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1)–(2)(A).  "[T]he 'in controversy' and 'good cause' requirements of Rule 35, 'are not met by mere conclusory

---

[1]    Plaintiff entitled his filing "Plaintiff's Motion to Object to Rule 35 Mental Examination." (ECF No. 31.)  Based on content and context, the Court construes the filing as both Plaintiff's opposition to the instant motion and a motion to amend the Scheduling Order.  The motion to amend the Scheduling Order will be addressed in a separate order.

[2]    All references to Rule or Rules are to the Federal Rules of Civil Procedure unless otherwise stated.

allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.'" *Turner v. Imperial Stores*, 161 F.R.D. 89, 91 (S.D. Cal. 1995) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)).

Courts have found the "in controversy" prong satisfied, such that a mental examination of a plaintiff is warranted, "where the case[] involve[s], in addition to a claim of emotional distress, one or more of the following: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a)." *Turner*, 161 F.R.D. at 95.

Good cause typically "requires a showing of specific facts justifying discovery," considering "the possibility of obtaining desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress." *Snipes v. United States*, 334 F.R.D. 667, 671 (N.D. Cal. 2020) (citing *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 165 (N.D. Cal. 2013)). "Courts construe Rule 35 liberally in favor of granting discovery." *Snipes*, 334 F.R.D. at 669.

### III.  DISCUSSION

In general, Defendant argues that Plaintiff placed his mental condition in controversy and good cause exists such that the Court should order Plaintiff to submit to an IPE. (*See* ECF No. 30 at 4–5.)  Plaintiff opposes Defendant's motion, arguing such an examination is neither relevant nor necessary.[3] (*See* ECF No. 31 at 2–5.)

---

[3]   Plaintiff attached to his filing a list of case law entitled "Pro Se Rights."  (*See* ECF No. 31 at 10–11.)  The Court notes that the cases cited therein are not relevant to the current

### A. "In Controversy" Prong

Defendant argues that "Plaintiff put his medical history at issue" by filing suit and "seeking damages for psychological injuries," including "$350,000 in psychological and 'non-economic' damages," allegedly resulting from medical care provided by VA-affiliated health care providers. (ECF No. 30 at 4.) Further, Defendant asserts it is "entitled to conduct discovery regarding Plaintiff's psychiatric history, including any preexisting mental conditions." (*Id.*) In support of its position, Defendant cites three cases related to relevance of medical discovery generally, but not to the "in controversy" requirement for obtaining an order for an IPE. *See Brown v. Zeltiq Aesthetics, Inc.*, No. 222CV00972RFBNJK, 2023 WL 4624691 (D. Nev. July 19, 2023) (addressing a motion to compel authorization to release medical records); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226–27 (9th Cir. 2006) (discussing the factors a court considers in deciding whether to dismiss a case for failure to comply with court orders); *McLean v. Shelton*, No. 3:11-CV-01535-AC, 2016 WL 1064486 (D. Or. Mar. 16, 2016) (determining dismissal for failure to prosecute is appropriate where a plaintiff had not complied with discovery requests or the court's scheduling orders).

Addressing the *Turner* "in controversy" factors,[4] three factors need little analysis. Plaintiff's complaint does not allege a cause of action for intentional or negligent infliction

---

stage of the instant action. *See, e.g., Conley v. Gibson*, 355 U.S. 41, 48 (1957) (pleading standard required to survive a Rule 12(b)(6) motion to dismiss) *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959) (motion to dismiss standard); *Haines v. Kerner*, 404 U.S. 519 (1972) (motion to dismiss standard for *pro se* plaintiffs); *Picking v. Pennsylvania R. Co.*, 151 F.2d 240 (3d Cir. 1945) (motion to dismiss standard for *pro se* plaintiffs), *overruled by Bauers v. Heisel*, 361 F.2d 581 (3d Cir. 1966); *Maty v. Grasselli Chem. Co.*, 303 U.S. 197, 200 (1938) (relation back of an amended complaint to the originally filed complaint); *Puckett v. Cox*, 456 F.2d 233 (6th Cir. 1972) (motion to dismiss standard for *pro se* plaintiffs); *Elmore v. McCammon*, 640 F. Supp. 905, 911 (S.D. Tex. 1986) (dismissing a *pro se* complaint as frivolous).

[4] Defendant does not expressly address any of the *Turner* factors. At best, Defendant's motion may be read to implicitly address the factor of unusually severe

of emotional distress (*see* ECF No. 1), Plaintiff does not express an intent to offer expert testimony in support of his claim for emotional distress (*see* ECF Nos. 10; 31), and Plaintiff does not concede that his mental condition is in controversy within the meaning of Rule 35(a) (*see* ECF No. 31). Defendant does not assert anything to the contrary as to these factors.

The Court then turns to whether Plaintiff asserts a claim of unusually severe emotional distress. "Although Rule 35 is to be construed liberally in favor of granting discovery, 'garden variety' emotional distress is insufficient to put a plaintiff's mental condition in controversy." *Brown v. Camp Pendleton & Quantico Hous., LLC*, No. 23-CV-567-JES-DDL, 2023 WL 7555305, at *1 (S.D. Cal. Nov. 14, 2023). A "garden-variety claim of emotional distress" is that which would "normally [be] associated with or attendant to the suffering or recovery from a physical injury." *Houghton v. M & F Fishing, Inc.*, 198 F.R.D. 666, 669 (S.D. Cal. 2001); *cf. Gavin*, 291 F.R.D. at 165 (finding a plaintiff's allegations that the defendant's conduct "caused her to be hospitalized and to attempt to commit suicide . . . are not 'garden-variety' emotional distress allegations"); *Pringle v. Wheeler, et al.*, No. 19-CV-07432-WHO, 2021 WL 1907824, at *3 (N.D. Cal. Apr. 16, 2021) (collecting cases).

As noted above, Plaintiff seeks $350,000 of "non-pecuniary" damages for each of his two claims, to compensate for, *inter alia*, emotional distress damages described as "past and future . . . mental anguish," "the loss of enjoyment of life," and "the frustration caused by the inability to participate in the activities described." (*Id.* at 13.) Here, the Court finds that Defendant has failed to establish that Plaintiff's claim is for unusually severe emotional distress exceeding that which is considered garden variety. *See, e.g., Pringle*, 2021 WL 1907824, at *4 ("[A plaintiff's] claim for general 'mental and emotional distress,' 'pain

---

emotional distress by citing the amount of damages Plaintiff seeks for emotional distress. (*See* ECF No. 30 at 4.)

and suffering,' and 'stress, internal turmoil, trauma, and anxiety' are akin to 'garden variety' emotional distresses.") (collecting cases); *Hernandez v. Simpson*, No. ED CV 13-2296-CBM, 2014 WL 4090513, at *3 (C.D. Cal. Aug. 18, 2014) (holding a claim that the defendant's actions caused "mental anguish, and attendant bodily injury, fear, worry, anxiety, sleeplessness, anger, sadness, nervousness, insecurity, loss of appetite, and depression" were "garden variety").  Further, Defendant fails to cite to, nor is the Court aware of, any cases supporting the proposition that the amount of emotional distress damages Plaintiff seeks here would by itself justify a court-ordered mental examination. *Cf. Hung Nguyen v. Regents of the Univ. of California*, No. 817CV00423JVSKESX, 2018 WL 6112617, at *4 (C.D. Cal. July 26, 2018) ("Courts have concluded that a large damage claim alone is insufficient to justify an [IPE].") (collecting cases).

As to the final prong of the *Turner* test, "an allegation of a specific mental or psychiatric injury or disorder," the Court notes that Plaintiff acknowledges that he suffers from specific psychiatric disorders, but he does not allege the conduct of the VA-affiliated health care providers *caused* them.  Any pre-existing mental or psychiatric condition Plaintiff may have, without allegations of causation or implication of another *Turner* factor, is insufficient to place Plaintiff's mental condition in controversy.  *See Hernandez v. Simpson*, No. ED CV 13-2296-CBM, 2014 WL 4090513, at *3 (C.D. Cal. Aug. 18, 2014) ("[A]lthough [the] plaintiff's deposition testimony indicates that she has been diagnosed with bipolar disorder, for which she took medication and was briefly hospitalized, at no point does she claim that [the] defendant's actions caused this disorder."; "[E]vidence of [the] plaintiff's existing medical conditions and corresponding medications that she took in the past or currently takes is insufficient to establish that her mental condition is in controversy here.").  As has been addressed in a prior order (*see* ECF No. 32), Defendant is entitled to conduct discovery regarding Plaintiff's psychiatric history so long as such discovery falls within the scope and limitations set forth by Rule 26.  But the threshold for subjecting Plaintiff to a Rule 35 examination is higher.

///

For these reasons, even assuming good cause, Defendant has failed to meet its burden to demonstrate that Plaintiff has placed his mental condition in controversy within the meaning of Rule 35(a) such that an IPE is warranted. Accordingly, Defendant's motion is **DENIED without prejudice**.[5]

### B. Civility

Plaintiff's opposition raises concerns with the Court regarding civility and general decorum. (*See* ECF No. 31 at 2–3, 6.) Specifically, the Court is concerned that, in his opposition, Plaintiff improperly directed some of his comments to opposing counsel, as opposed to the Court; failed to limit himself to the merits of the legal arguments, instead casting aspersions on opposing counsel personally; and used insulting, uncivil language. (*Id.*)

This District "is committed to ensuring that all who work within it and come before it treat each other with decency, dignity, and respect." CivLR 2.1.a.1. To that end, this Court expects lawyers and *pro se* litigants to "address legal arguments with other lawyers professionally, and not personally," to "treat adverse witnesses, litigants and opposing counsel with courtesy, fairness and respect," and to "address opposing lawyers through the Court" while in court. CivLR 2.1.a.3.a–b, i; J. Burkhardt Civ. Chambers R. § I; *see also* CivLR 83.11. ("Any person appearing propria persona is bound by these rules of court and by the Fed. R. Civ. P. or Fed. R. Crim. P., as appropriate."). Furthermore, as provided in the undersigned's Civil Chambers Rules—

> [t]he Court expects all counsel and parties to be courteous, professional, and civil at all times to opposing counsel, parties, and the Court, including all court personnel. Professionalism and civility—in court appearances, communications with Chambers, and written submissions—are of paramount

---

[5] Litigation is not static. The *Turner* analysis could change should, for example, Plaintiff offer expert testimony to support a claim of emotional distress, or allege that Defendant's actions caused any specific psychiatric injury or disorder, or provide discovery responses that describe emotional distress that rises above garden variety and to the level of unusually severe.

importance to the Court.  Personal attacks on counsel or opposing parties will not be tolerated under any circumstances.

J. Burkhardt Civ. Chambers R. § I.

Plaintiff is *pro se* and may not have appreciated how these Rules apply to him.  By this Order, Plaintiff is directed to read and comply with Local Civil Rule 2.1, regarding professionalism, and § I of the undersigned's Civil Chambers Rules.[6]  Plaintiff is further put on notice that he, just like any other party or counsel, may be subject to sanctions for violations of the Federal Rules or the Local Rules.  *See* CivLR 83.1.a ("Failure of counsel, or of any party, to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court . . . .").

### IV. CONCLUSION

For the aforementioned reasons, the Court **DENIES without prejudice** Defendant's motion to compel (ECF No. 30).

**IT IS SO ORDERED.**

Dated:  February 2, 2024

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[6]  Plaintiff has previously expressed belief that the Federal Rules of Civil Procedure, the Local Rules, and Chambers Rules do not apply to him as he is proceeding *pro se*.  That belief is misplaced.  "Although pro se, [Plaintiff] is expected to abide by the rules of the court in which he litigates." *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986); *see also Washington v. Kijakazi*, 72 F.4th 1029, 1039–40 (9th Cir. 2023) ("[T]here are limits to what a court must do to accommodate a party appearing pro se.").